EDWARD T. WELSH, appellant,

*v.*

JOHN J. LAWLER, respondent.

[Submitted July 9th, 1907.  Decided November 18th, 1907.]

1. A complainant in a foreclosure suit cannot, after the entry of the final decree and the issue of a *fieri facias* thereon, prohibit' the sale of the mortgaged premises against the will of a junior encumbrancer, whose claim has been adjudicated by the decree and is commanded to be satisfied by the *fieri facias*.

2. A writ of *fieri facias* issued in a forecolsure suit to execute a decree settling the rights of various encumbrancers is multiform in substance, and the sheriff must execute it, unless all of the parties for whose benefit it was issued consent that it shall not be executed, or unless there is a satisfaction of their several encumbrances.

On appeal from an order of the court of chancery.

*Mr. John Milton,* for the appellant.

*Mr Frank P. McDermott,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

Welsh, the complainant below and appellant here, filed a bill to foreclose a mortgage held by him upon property of one Quinn.  He joined, as defendants, the respondent Lawler and other parties holding encumbrances upon the mortgaged premises. In due course a final decree was entered, by which it was ordered that the mortgaged premises be sold to raise and pay the several sums of money due to Welsh, to Lawler, and to the other defendants who held encumbrances in the order of the priority of their respective liens, and that a writ of *fieri facias* issue to the sheriff of Monmouth county, where the mortgaged

premises were situate, commanding him to make sale thereof, and out of the proceeds of the sale to pay to the complainant and to the several defendants holding encumbrances their respective debts in their proper order of priority. In pursuance of the command of the decree the writ was issued and delivered to the sheriff, who thereupon proceeded to advertise the mortgaged premises for sale. Pending the sale the complainant's claim was in some way adjusted, and his solicitor then directed the sheriff not to proceed further with the sale under the execution. In this situation of affairs application was made to the chancellor, on behalf of Lawler, for an order compelling the sheriff to proceed and make sale of the mortgaged premises according to the command of the writ, notwithstanding the instruction of the complainant's solicitor. This application was granted and the sheriff ordered to proceed with the sale and distribute the moneys arising therefrom, as directed by the writ. From this order the complainant appeals.

The theory upon which the appeal is founded is that the complainant as *magister litis* has complete control of the decree and the execution issued upon it, and that he cannot be divested of that control by the chancellor without his consent. This theory, in our opinion, is untenable. If, during the progress of a foreclosure proceeding, the complainant desires to abandon its further prosecution he may do so. He cannot be compelled to carry it on to final decree against his will. But after the prosecution of the cause has been concluded by the entry of a decree, by which the rights not only of the complainant, but also of those defendants who hold liens, have been finally fixed and determined, the complainant's control of the suit is, in large measure, ended. The decree being equally for the benefit of all the lien holders whose rights have been adjudicated by it—in other words, it being, in its legal effect, a separate judgment in favor of each of such lien holders—each one of them is entitled to have it executed so far as it establishes his particular lien; and consequently the writ of *fieri facias* which is issued for the purpose of executing the decree, although usually sued out by the complainant, directs the sale of the mortgaged premises to be made, not for the purpose of

satisfying the complainant's lien alone, but all the liens which have been established by the decree. The duty of a sheriff holding such a writ is similar to that which rests upon him where he has received from a court of law a number of executions against the same judgment debtor, and in favor of different plaintiffs. In such a case his duty is to execute the mandate of each of the junior writs, as well as that contained in the writ which first comes to his hands, and the judgment creditor who is entitled to priority in payment out of the proceeds of the sale made under such executions, although he may prevent such sale being made under the execution issued upon his particular judgment, by satisfying his own claim, or otherwise, cannot, by so doing, prevent sale being made for the purpose of satisfying the claims of the junior encumbrancers. A writ of *fieri facias* issued on a decree in foreclosure for the purpose of satisfying the claims of several encumbrancers, although single in its frame, is multiform in substance, and the only two ways by which the sheriff can be relieved from the duty of executing it, are the consent of all the parties for whose benefit it has been issued, or the satisfaction of their several encumbrances. The waiver by one of them of his right to have the mortgaged premises sold to satisfy his debt, no matter in what order of priority that debt is entitled to be paid, merely nullifies the writ so far as his own claim is concerned. It has no effect upon the right of his fellow encumbrancers to have the writ executed for the purpose of raising the moneys which have been adjudicated by the decree to be due to them severally.

The order appealed from was properly made, and will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.